IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT THOMAS WARREN,

        Plaintiff

vs.                                   Case No. 15-4878-SAC

KENT THOMAS WARREN,

        Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the Magistrate Judge's Order of May 12, 2015, directing the plaintiff to show cause why his complaint should not be dismissed for failure to create a justiciable controversy between adversarial parties and for failure to allege other acts or omissions giving rise to a claim for relief. (Dk. 8, pp. 4-5). Mr. Warren has filed a written response in an effort to explain his claims and to avoid dismissal. (Dk. 9). After reviewing this response and all of Mr. Warren's other filings, the court finds no allegations sufficient to state a claim upon which relief can be granted.

        On proceedings in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal is allowed if it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an

opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. The question is whether the allegations actually entitled to the assumption of truth "plausibly support a legal claim for relief"—that is, whether they "raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) . A plaintiff who provides only "conclusory allegations without supporting factual averments" has failed to discharge his burden. *Hall v. Bellmon*, 935 F.2d at 111; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). The court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New*

2

*Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

As the magistrate judge noted, the plaintiff submitted his pro se complaint on the court's civil complaint form. The complaint asserts federal question jurisdiction for an action arising under Article III, Section I; for a violation of civil or equal rights; and for action involving Fifth and Fourteenth Amendments of U.S. Constitution and 34 C.F.R. § 104.4(b)(1)(v).  (Dk. 1, p. 3). The plaintiff asks the court "to restrict all college coursework from universities due to its side effect" and alleges that, "all coursework at all universities is non-viable in a professional capacity." (Dk. 1, pp. 3-4). For relief, he asks the court "to impartially determine if I may enter the teaching profession via life/work experience." *Id*. at 4.

The magistrate judge's show cause order listed the following pleading deficiencies. In naming himself as the only defendant, the plaintiff's complaint fails to create a judiciable controversy between adversarial parties. Nor does it identify others who so acted or failed to act as to give rise to a claim for relief. Attached to the plaintiff's complaint are documents

showing that several states have denied him a teaching license for not meeting their qualifications, but there is nothing in these documents that arguably amounts to a federal claim for relief. The plaintiff alleges his work/life experience should qualify him to teach, but he does not couch this bare allegation within the context of any actionable claim.

The plaintiff's written response to the show cause order does not come forward with any facts or theories to support a federal claim for relief. The plaintiff alleges he "earned a title" of "Administrative Law Judge" from the State of Illinois by "assisting people with developmental disabilities for five years." (Dk. 1, p. 1). The plaintiff inexplicably concludes this mere title from Illinois now entitles him to compensation and the occupation of teacher pursuant to the Article III, Section of 1 of the United States Constitution which establishes the judicial power of federal courts. (Dk. 9, p. 2). There is no plausible or logical connection between the plaintiff's assertion of a right to be a state licensed teacher and the federal judicial power provisions under Article III, Section 1.

As for any Fifth and Fourteenth Amendment claims, the plaintiff simply denies that he must name or "secure a defendant" to violate his rights in order to have a viable claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487

U.S. 42, 48–49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The plaintiff has not alleged that another person acting under color of state law has violated any of his federally protected rights. His response contains this blanket statement, "[t]he State of Kansas has omitted the Fourteenth Amendment from good faith business in gaining teacher certification." (Dk. 9, p. 2). While the meaning of this statement eludes the court, it is clear that the State of Kansas is protected by Eleventh Amendment immunity from suit in this court.

Finally, the plaintiff strings together several paragraphs of disjointed allegations concerning the states' licensing standards and assessment practices for teachers:

> The states' certification officers have declined me according to what is considered traditional entrance to the profession of education. The aforementioned reasonable burdens of the context; a degree from an approved program and proper testing according to state and federal regulations (lack of criminal record was not mentioned). I failed to attain a degree; I have approximately 162 hours of college coursework; I have not completed the professional exams. All are correct. On its face it is impossible for me to enter the profession of teaching. In educational assessment, psychological assessment as well, safeguards need to be established for a valid and reliable assessment. . . . . The safeguard mentioned within the complaint was the establishment of life and/or work experience as equitable to a college degree, a right established within the Office of Personnel Management provided the life and/or work experience is at professional level. Without the knowledge of what a postsecondary student has accomplished professionally in employment and life, no assessment on a postsecondary student is reliable or valid. These initial safeguards are labeled as due process in the profession of education. . . . No University attended between 1989 and 2015 provided an opportunity for this right, equivalency of life and/or work experience.  . . . [T]he Universities have disregarded Constitutional Supremacy, and placed disparagement, slavery, lack of equal

5

> protection of the laws, and enforcement of abridging rights and privileges into the context.
>     . . . .
>     . . . Kansas requires a degree to enter the teaching profession to be highly qualified. It is impossible to use any coursework attained at the aforementioned universities professionally due to the bias assessment on postsecondary students (side effects) under the context mandated by the States of Kansas and Utah or from individuals participating in this behavior for the last five decades, executive order 11246, 8 C.F.R. 214.2(h)(4)(iii(D) and 8 C.F.R. 214.2(h)(4)(iii)(C)(4), and Civil Rights Act of 1964 Section 201(a). The plaintiff's claim to restrict all coursework attained at universities attended from 1989 to 2015 represents good behavior as a potential educator and Administrative Law Judge as established in Article III Section one of the Constitution of the United States based on 34 C.F.R. 104.4(b)(1)(v). Relief sought is to have a proper evaluation of life and/or work experience to enter the profession of teaching/education, if the plaintiff is lawfully entitled to enter a profession discriminating, 34 C.F.R. 104.4 (b)(1)(v), against United States Citizens for potentially the last five decades, Executive Order 11246-generalized.

(Dk. 9, p. 3). It would appear that the plaintiff believes the state licensing of teachers is discriminatory against people who are capable of teaching based on life experience because the colleges fail to recognize and credit such experience for teaching degrees. There is nothing in this proposition or the alleged circumstances surrounding it that speaks to any federally protected right. Nor do any appear from the plaintiff's citations to Article III; Section 201(a) of the Civil Rights Act of 1964 ("equal access . . . without discrimination or segregation on the ground of race, color, religion, or national origin"); the regulations of the Department of Education on discrimination against qualified handicapped persons; and the regulations of the Department of Homeland Security on non-immigrant status. The plaintiff has not articulated any facts or theories to support a federal claim for relief.

Because the plaintiff has failed to show cause why his complaint should not be dismissed and because it is patently obvious he cannot prevail on the facts alleged, the court finds that any further attempts to amend this complaint would be futile and that dismissal is proper and necessary for all the reasons stated above and for those stated in the magistrate judge's show cause order.

IT IS THEREFORE ORDERED that the plaintiff's case is dismissed for failure to state a claim on which relief may be granted.

Dated this 28th day of May, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge